UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GLENN MAYBIN #178072 | Case No. 09-13755 |
| Plaintiff, | District Judge Avern Cohn |
| v. | Magistrate Judge R. Steven Whalen |
| RAYMOND BOOKER, *et al.*, | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Raymond Booker's Rule 12(b) Motion for Dismissal [Docket #8], filed January 11, 2010, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).

For the reasons set forth below, I recommend that the motion be GRANTED, dismissing this Defendant with prejudice.

**I. FACTUAL BACKGROUND**

On September 22, 2009, Plaintiff, a Michigan Department of Corrections ("MDOC") inmate, filed suit pursuant to 42 U.S.C. §1983, alleging violations of his First and Fourteenth Amendments during his incarceration at the Ryan Correctional Facility ("RRF'") by Defendant Booker, RRF's Warden, as well as other RRF staff members. Plaintiff, now housed at the Thumb Correctional Facility ("TCF") in Lapeer, Michigan, alleges that in

-1-

response to his complaints about the opening of his outgoing mail, prison staff retaliated against him on January 17, 2006 by charging him with an attempted escape. *Complaint* at 2. As a result, he was placed in administrative segregation pending a hearing on the attempted escape charge. *Id.* at 3. On January 24, 2006, a hearing was conducted at which time Plaintiff was found not guilty. *Id.* at 4. He seeks monetary damages and declaratory relief. *Id.* at 2.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the sufficiency of a complaint, the court must first determine whether it contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, ---U.S.---, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)). Second, the facts that are pled must show a "plausible" claim for relief,

which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."

129 S.Ct. at 1950 (internal citations omitted).

## III. ANALYSIS

**Defendant Booker's Lack of Personal Involvement Mandates Dismissal**[1]

Plaintiff does not make factual allegations that Defendant Booker was personally involved in the events surrounding his stint in administrative segregation, but instead faults the warden for failing to prevent the alleged constitutional violations of his subordinates. This allegation is insufficient to support the claims against Booker. The Supreme Court has specifically held that in a §1983 action, liability cannot be based on a theory of *respondeat superior*, or mere supervisory liability. *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Because Plaintiff has not alleged that Booker impliedly authorized, approved or knowingly acquiesced in Defendant Drake's allegedly unconstitutional conduct, the supervisory claims should be dismissed. *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984).

Plaintiff argues unpersuasively that Defendant Booker's processing of the Step Two

---

[1]While finding that Plaintiff has failed to state a claim against Defendant Booker, the undersigned makes no finding regarding the merits of the retaliation claim as to other Defendants.

grievance response is sufficient to show "personal involvement" in the alleged constitutional violations. *Plaintiff's Response* at 6. He contends that Booker "knew or should have known that Plaintiff was being unconstitutional[ly] detained." *Id.* Sixth Circuit case law makes clear that Booker's denial of the administrative grievance at Step Two, unaccompanied by claims that he "directly participated, encouraged, authorized or acquiesced in the claimed retaliatory acts" is insufficient to state a claim of constitutional magnitude. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Even assuming that Booker's involvement in the Step Two grievance response would have placed him on notice of an ongoing civil rights violation, Plaintiff does not allege that he was still in segregation at the time Booker reviewed the Step Two grievance. Plaintiff, presumably released from administrative segregation directly following the January 24, 2006 "not guilty" finding, filed his Step Two grievance over one month later on March 7, 2006. Thus, Booker cannot have been said to have been acquiescing in a continuing violation, but rather, reviewing allegations of a past one.

### IV.  CONCLUSION

For these reasons I recommend that the motion for dismissal [Docket #8] be GRANTED, dismissing Defendant Booker with prejudice.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of

appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: July 14, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 14, 2010.

S/G. Wilson
Judicial Assistant