UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLEN MAYBIN,

    Plaintiff,

v.     Case No. 09-13755

RAYMOND BOOKER, et al.,     HONORABLE AVERN COHN

    Defendants.

_____/

# ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. No. 13) AND GRANTING DEFENDANT RAYMOND BOOKER'S MOTION TO DISMISS (Doc. No. 8)

I.

This is a pro se prisoner civil rights case. Plaintiff, an inmate in the custody of the Michigan Department of Corrections, asserts a claim under 42 U.S.C. § 1983 for violation of constitutional rights under the First and Fourteenth Amendments. The matter has been referred to a magistrate judge for all pretrial proceedings. Defendant Raymond Booker filed a motion to dismiss on the grounds the complaint fails to state a claim against him. The magistrate judge issued a Report and Recommendation (MJRR) recommending that the motion be granted essentially because the allegations of the complaint fail to allege personal involvement by Booker in any of the events which form the basis for the complaint. Before the Court are plaintiff's objections to the MJRR. For the reasons that follow, the objections will be overruled, the MJRR will be adopted, and Booker's motion to dismiss will be granted.

## II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

## III.

Plaintiff's objections essentially repeat the arguments considered and rejected by the magistrate judge inasmuch as plaintiff contends that he has alleged personal involvement by Booker. However, the magistrate judge carefully reviewed plaintiff's complaint and concluded that plaintiff failed to state a claim against Booker. Plaintiff's objections fail to convince the Court that the magistrate judge erred.

IV.

Accordingly, the MJRR is ADOPTED as the findings and conclusions of the Court. Booker's motion to dismiss is GRANTED. Plaintiff's claims against Booker are DISMISSED WITH PREJUDICE.

SO ORDERED.


Dated: August 3, 2010
      S/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Glenn Maybin, 178072, Thumb Correctional Facility, 3225 John Conley Drive, Lapeer, MI 48446 and the attorneys of record on this date, August 3, 2010, by electronic and/or ordinary mail.

      S/Julie Owens
      Case Manager, (313) 234-5160