UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENN MAYBIN #178072                        Case No. 09-13755

    Plaintiff,                                      District Judge Avern Cohn
v.                                                          Magistrate Judge R. Steven Whalen

RAYMOND BOOKER, *et al.*,

    Defendants.
_____/

**ORDER DENYING MOTION TO AMEND COMPLAINT
WITHOUT PREJUDICE**

Before the Court is Plaintiff's Motion for Leave to File an Amended Complaint [Doc. #16]. He asks that the Complaint be amended to substitute Wright Wade in place of the "John Doe" Defendant named in his original complaint.

First, Plaintiff has not complied with E.D. Mich. Local Rule 15.1, which requires that a motion to amend "must, except by leave of the court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Plaintiff has not submitted a copy of his proposed amended complaint, but instead refers back to his original complaint, substituting "Wright Wade" for "John Doe."

Of course, L.R. 15.1 also states that "[f]ailure to comply with this Rule is not grounds for denial of the motion." However, the motion suffers another deficiency. Neither in his motion nor in his initial complaint does Plaintiff allege, in specific factual terms, what Wright Wade or John Doe did that resulted in a violation of his constitutional rights. Thus, he runs afoul of two recent cases in which the United States Supreme Court altered the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In In *Bell Atlantic Corp. V.*

*Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2),[1] held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, _U.S._, 129 S.Ct. 1937,_L.Ed.2d_ (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*.[2] First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. At 1949, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown–that the pleader is entitled to relief.'" 129 S.Ct. at 1950(Internal citations omitted).

---

[1] Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

[2] *Twombley* was an antitrust case. *Iqbal* was a prisoner civil rights case. In any event, it is clear that the *Iqbal* standard is applicable to all 12(b)(6) motions.

Therefore, because the complaint as amended would be subject to dismissal under *Iqbal* and *Twombley*, the motion to amend, as presently framed, must be denied. However, given the Plaintiff's status as a *pro se* prison inmate without legal training, I will deny the motion without prejudice, and afford him 21 days to file a motion to amend which (1) includes a copy of the proposed amended complaint, and (2) complies with Rule 8(a) and *Iqbal* in terms of setting forth a plain, factual statement of the claim.[3]

Therefore, Plaintiff's Motion for Leave to File an Amended Complaint is DENIED WITHOUT PREJUDICE.

Within 21 days of the date of this Order, Plaintiff may re-file a motion to amend his complaint consistent with the above discussion. Plaintiff's failure to do so may result in a Report and Recommendation to dismiss his complaint with prejudice.

SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: January 19, 2011

---

[3] This remedy is the functional equivalent of an order for Plaintiff to make a more definite statement. Pursuant to its supervisory power, a court may *sua sponte* order a more definite statement under Fed.R.Civ.P. 12(e). *See Wagner v. First Horizon Pharmaceutical Corp.,* 464 F.3d 1273, 1275 (11th Cir.2006); *Foster v. Argent Mortg. Co., L.L.C.*, 2008 WL 5244383, *5 (E.D.Mich. 2008). The Court may even order a more definite statement subsequent to the filing of a dismissal motion. *Finley v. SageNet L.L.C.*, 2009 WL 1850958, *4 (W.D.N.C. 2009)(*citing Thomas v. Independence Tp.,* 463 F.3d 285, 289 (3rd Cir.2006)).

## CERTIFICATE OF SERVICE

      I hereby certify on January 19, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 19, 2011: **Glenn Maybin.**

                              s/Michael E. Lang
                              Deputy Clerk to
                              Magistrate Judge R. Steven Whalen
                              (313) 234-5217