UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENN MAYBIN,                                          No. 09-13755

       Plaintiff,                                  District Judge Avern Cohn

v.                                                     Magistrate Judge R. Steven Whalen

RAYMOND BOOKER, ET AL.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Defendant Wright Wade's Motion for Dismissal, or in the Alternative, for Summary Judgment [Doc. #33], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the Motion be GRANTED, and that the Complaint be DISMISSED WITH PREJUDICE as to Defendant Wade.

### I.   FACTS

Plaintiff Glenn Maybin, a *pro se* prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), has filed a civil rights complaint under 42 U.S.C. § 1983, alleging that Defendant Wade retaliated against him for exercising his First Amendment right to file a grievance or otherwise bring a complaint.[1]

Plaintiff alleges that in the first week of January, 2006, he gave Corrections Officer Hodges a letter to be placed into the U.S. mail, addressed to Plaintiff's mother. Hodges gave the letter to the Unit Counselor, and it eventually ended up in Defendant

---

[1] The controlling pleading is Plaintiff's Amended Complaint [Doc. #29], filed on September 7, 2012 by leave of the Court.

Inspector Wade's possession. *Amended Complaint,* ¶ 7. Plaintiff states that on January 17, 2006, Inspector Wade questioned him about the contents of his letter, specifically a reference to "getting up out of here." Plaintiff, upset that Wade opened his mail, told Wade that "he intended to write a grievance concerning the opening of his outgoing letter." *Id.* ¶ 8. The same day, Plaintiff received a major misconduct ticket and placed in administrative segregation on a charge of attempted escape. He states that Inspector Wade alleged that a confidential informant overheard Plaintiff saying he was "planning an escape." *Id.* ¶ 10. However, Plaintiff was ultimately found not guilty of the charge, and released from administrative segregation. *Id.* ¶ 11. The gravamen of Plaintiff's complaint is that Wade retaliated against him for threatening to file a grievance by falsely accusing him of attempting an escape. *Id.* ¶¶ 12-13, 18, 22-24.

Defendant Wade moves for dismissal arguing, *inter alia*, that Plaintiff did not properly exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), and that his claim in time-barred. Appended to the Motion as Exhibit B is an MDOC Grievance Inquiry printout showing that Plaintiff filed two administrative grievances, one on August 4, 2005 and the second on January 25, 2006. These grievances, along with the responses, are contained in Exhibits C and D, respectively.

With his response [Doc. #36], Plaintiff has submitted documentation regarding the grievance filed on January 25, 2006, as well as the Major Misconduct Hearing Report finding that the charge of attempted escape was not established.

## II.   STANDARD OF REVIEW

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted." The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12(2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S.Ct. 2378, 2387,165 L.Ed.2d 368 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Id.*, 548 U.S. at 90, 126 S.Ct. at 2385.  Thus, whether a claim is "properly exhausted" under the PLRA requires an examination of the particular institution's administrative rules and regulations regarding prisoner grievances.

However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock,* 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Under *Jones*, it is Defendants' burden to assert non-exhaustion as an affirmative defense. *Id.*; *Grinter v. Knight,* 532 F.3d 567 (6th Cir.2008)*. Jones v. Bock* overruled a long line of Sixth Circuit cases that placed the burden of pleading and supporting exhaustion on plaintiffs.

### III.   DISCUSSION

The relevant grievance is the one filed on January 25, 2006, eight days after the incident where Wade opened Plaintiff's mail. The documentation provided by both Plaintiff and Defendant shows that the grievance was rejected at all three steps of the administrative process based on the finding that Plaintiff did not first attempt to resolve the subject matter of the grievance with Inspector Wade.  Defendant now argues that for that reasons, the claim was not "properly exhausted" under the pertinent MDOC Policy

Directive. Plaintiff states in his reply that on January 17, 2006, he "confronted Defendant Wade at that time about illegally intercepting his personal outgoing mail." *Plaintiff's Response*, Doc. #36, ¶ 4.

While it seems to me that the January 17th exchange between Plaintiff and Defendant Wade arguably satisfies the requirement that an inmate first attempt to resolve the issue with the person being grieved, it is not necessary to resolve that issue, because there is a more obvious basis to find that Plaintiff did not properly exhaust the claim the retaliation claim that is now before this Court. An examination of the January 25, 2006 grievance shows that it was based on Plaintiff's complaint that Wade had improperly opened his personal outgoing mail. However, that is not the claim in this lawsuit.[2] Rather, Plaintiff bases his Complaint on Wade's alleged retaliation against him for threatening to exercise his First Amendment right to file a grievance. He reiterates his retaliation claim in ¶ 5 of his Response [Doc. #36]: "These false charges were brought against Plaintiff simply because Mr. Maybin told defendant Wade he would file a grievance concerning this matter."

M.D.O.C. Policy Directive 3.02.130(T) requires that "[t]he issues [in a grievance] shall be stated briefly. Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what when, where, why, how.)." Plaintiff's January 25th grievance does not allege or mention retaliation. Therefore, Plaintiff has not properly exhausted his administrative remedies, and his Complaint must be dismissed. *See*

---

[2] "In order to maintain prison security and to check for contraband, prison officials may, pursuant to a uniform and evenly-applied policy, open an inmate's incoming mail." *Parrish v. Johnson*, 800 F.2d 600, 603 (6th Cir. 1986). MDOC Policy Directive 05.02.118 ¶ GG provides that "all mail not receiving special handling (i.e., legal mail), is opened, inspected for contraband, and skimmed for content violating prison policy." *Smith v. Howes*, 2012 WL 1579346, *13 (W.D.Mich. 2012). Thus, even the issue that *was* grieved–the opening and reading of Plaintiff's mail–is of dubious merit.

*Rickman v. Tantchou*, 2012 WL 1229943, \*5 (E.D.Mich. 2012)(retaliation claim not exhausted where grievance did not "assert that Plaintiff had been a victim of retaliation"); *Siler v. Baldwin*, 2011 WL 6371012, \*3 (E.D.Mich. 2011)(retaliation claim dismissed where "Plaintiff's only administrative grievance did not mention the retaliation claim against" defendant).

Ordinarily, an unexhausted claim is dismissed without prejudice.*Boyd v. Corrections Corp. of America,* 380 F.3d 989, 994 (6th Cir.2006). In this case, however, Plaintiff's failure to exhaust a claim that accrued in January of 2006 renders that claim time-barred under the three-year statute of limitations for § 1983 cases. Therefore, I recommend that the Plaintiff's Complaint be dismissed with prejudice.

## IV. CONCLUSION

For these reasons, I recommend that Defendant's Motion to Dismiss [Doc. #33] be GRANTED, and that the Complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Date: July 29, 2013	**s/ R. Steven Whalen**
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on July 30, 2013, electronically and/or by U.S. mail.

s/Michael Williams
Case Manager for the
Honorable R. Steven Whalen