UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLEN MAYBIN,

    Plaintiff,

v.    Case No. 09-13755

WRIGHT WADE.,    HONORABLE AVERN COHN

    Defendant.

_____/

**<u>ORDER OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 38)
AND
ADOPTING REPORT AND RECOMMENDATION (Doc. 37)
AND
GRANTING DEFENDANT WRIGHT WADE'S MOTION TO DISMISS OR FOR
SUMMARY JUDGMENT (Doc. 33)
AND DISMISSING THE CASE</u>**

I.

This is a <u>pro se</u> prisoner civil rights case. Plaintiff, an inmate in the custody of the Michigan Department of Corrections, asserts a claim under 42 U.S.C. § 1983 for violation of constitutional rights under the First and Fourteenth Amendments. Plaintiff names Raymond Booker, John Doe, and Wright Wade as defendants. The matter was referred to a magistrate judge for all pretrial proceedings. Previously, Raymond Booker was dismissed on recommendation of the magistrate judge following Booker's motion to dismiss. <u>See</u> Docs. 8, 13, 15. John Doe was also dismissed upon plaintiff's filing of an amended complaint. <u>See</u> Doc. 29. Thereafter, Wright Wade, the remaining defendant, filed a motion to dismiss or for summary judgment. (Doc. 33). The magistrate judge issued a Report and Recommendation (MJRR) recommending that the motion be

granted on the grounds that plaintiff failed to exhaust his administrative remedies with regard to his claim against Wade.  (Doc. 37)

Before the Court are plaintiff's objections to the MJRR.  (Doc. 38).  For the reasons that follow, the objections will be overruled, the MJRR will be adopted, and Wade's motion to dismiss or for summary judgment will be granted.

II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge.  Id.  The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context.  Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

III.

Plaintiff's objections essentially repeat the arguments considered and rejected by the magistrate judge. As explained in the MJRR, plaintiff's claim against Wade is that Wade retaliated against him by falsely accusing plaintiff of attempting to escape in response to plaintiff's threat to exercise his First Amendment right to file a grievance against him (Wade). Plaintiff failed to exhaust this particular claim against Wade. Rather, the claim that plaintiff arguably exhausted against Wade is a claim regarding Wade allegedly opening plaintiff's personal outgoing mail. Because the retaliation claim against Wade was not mentioned in plaintiff's grievances, the claim was never exhausted.

Moreover the magistrate judge recommends that this claim be dismissed with prejudice because the claim, which accrued in January of 2006, is time-barred. The Court agrees with this recommendation.

IV.

Accordingly, plaintiff's objections are OVERRULED. The MJRR is ADOPTED as the findings and conclusions of the Court. Wade's motion to dismiss is GRANTED. Plaintiff's claim against Wade is DISMISSED WITH PREJUDICE. This case is CLOSED.

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: September 12, 2013

Detroit, MI

3

09-13755 Glen Maybin v Wright Wade

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 12, 2013, by electronic and/or ordinary mail.

                s/Sakne Chami

                Case Manager, (313) 234-5160